IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| KELLY KATHRENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| UNIVERSITY OF ILLINOIS, and BOARD OF ) | |
| TRUSTEES OF THE UNIVERSITY OF ) | |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, KELLY KATHRENS, by her attorneys, FREDERICK & HAGLE, and for her Complaint, alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343. The Plaintiff, KELLY KATHRENS (hereinafter referred to as "Plaintiff"), brings this cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and the Civil Rights Act of 1991. Jurisdiction also arises pursuant to 28 U.S.C. §1343(a)(4).

2. Venue is proper in the Urbana Division of the Central District of Illinois becuase the employment practices hereafter alleged to be unlawful were committed within Champaign County, Illinois.

3. The Plaintiff filed a charge of unlawful employment discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged acts of employment discrimination, a true and correct copy of which is attached hereto as Exhibit "A."

4.      Plaintiff has filed this cause pursuant to a Notice of Right to Sue issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit "B."

**Parties**

5.      Plaintiff, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

6.      Plaintiff during all relevant times herein was and continues to be an adult female resident of Champaign, Illinois, in the Central District of Illinois, and an employee of the University of Illinois at Urbana-Champaign.

7.      Plaintiff works in the Power Plant for the University of Illinois at Urbana-Champaign.

8.      During all relevant times, Defendant Board of Trustees of the University of Illinois is the governing body for the University of Illinois, a covered entity within the meaning of the Civil Rights Act of 1964.

9.      Chad Martinez is the current Assistant Director of Equal Opportunity and Access at the University of Illinois at Urbana-Champaign.

10.     Michael J. Larson is the current Director of Utilities Operation at the University of Illinois at Urbana-Champaign, and a supervisor of the Plaintiff at the University of Illinois Power Plant.

11.     Robert R. Roman is the current Director of Resources at the University of Illinois at Urbana-Champaign, and a supervisor of the Plaintiff at the University of Illinois Power Plant.

12.     Ricki N. Broom, is an Engineer and Lead Power Plant Operator at the University

of Illinois at Urbana-Champaign, and a supervisor of the Plaintiff at the University of Illinois Power Plant.

## COUNT I

### Sexual Harassment and Hostile Work Environment - Title VII

13. This Count is brought against the University of Illinois and the Board of Trustees of the University of Illinois pursuant to Title VII of the 1964 Civil Rights Act as amended.

14. In September 1993, the Plaintiff was hired by the University of Illinois at Urbana-Champaign as a Utility Operator for the University of Illinois Power Plant.

15. At all times material herein, the Plaintiff performed her duties in a satisfactory manner.

16. At all relevant times, the Plaintiff's direct supervisors were Robert R. Roman and Michael J. Larson.

17. At all relevant times, Defendant Ricki N. Broom was a Lead Power Plant Operator and a shift supervisor at the University of Illinois Power Plant.

18. As of May 2008, the University of Illinois Power Plant had only two women operators and approximately 26 male operators.

19. Starting in March 2008 and continuing to the present, the Plaintiff has been repeatedly and continually subjected to sexual harassment, gender discrimination and retaliation at the University of Illinois Power Plant, and has been subjected to a hostile work environment.

20. Examples of some of the conduct which the Plaintiff was subjected to includes, but is not limited:

    a. Sexual assault and battery by Ricki Broom;

      b.      Offensive touching of the Plaintiff's person;

      c.      Lewd and repeated comments about the Plaintiff's "ass;"

      d.      Abolished the women-only locker room;

      e.      Forced the Plaintiff to use a locker room also used by males;

      f.      Removed the locks from the locker room door;

      g.      Removed the lock from a stall within the locker room;

      h.      Left pornography in the women-only locker room;

      i.      Left dead frogs in the women-only locker room;

      j.      Interrupted the Plaintiff while she was showering;

      k.      Refused to replace locks on the locker room and stall doors;

21. After each episode of harassment, the Plaintiff filed both formal and informal complaints about the conduct of Ricki Broom and other University of Illinois Power Plant employees with various University officials, including Robert Roman, Michael Larson, and Chad Martinez. No corrective action was taken, and the harassment continued.

22. Although the University of Illinois was aware of the sexual harassment, gender discrimination, and hostile workplace, they took no effective remedial and/or preventative measures to address the prohibitions of Title VII.

23. Male employees and supervisors openly mocked the Plaintiff for complaining about the hostile work environment and/or sexual harassment.

24. The above-described unwelcome sexual harassment created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

25. The conduct of the Defendant has been wilful, wanton, malicious, and with a reckless disregard of the Plaintiff's rights under the law.

26. As a direct and proximate result of the sexual harassment and hostile work environment, Plaintiff suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress.

WHEREFORE, the Plaintiff, KELLY KATHRENS, prays that judgment be entered against the Defendants as follows:

(A) The Defendants, upon a trial by jury, be adjudicated to have violated Title VII of the 1964 Civil Rights Act, as amended,

(B) Direct Defendants to expunge all derogatory information from Plaintiff's personnel file which resulted from the discriminatory and retaliatory acts of the Defendants;

(C) Award damages for all lost wages and benefits;

(D) Award damages for mental pain and suffering, emotional pain, humiliation, inconvenience, aggravation of pre-existing conditions, and other non-pecuniary losses occurring in the past and reasonably certain to occur in the future;

(E) Award damages for the cost of medical treatment required as a result of the discrimination;

(F) Punitive damages;

(G) Award reasonable attorney's fees and costs;

(H) Prejudgment interest on all amounts claimed; and

(I) Award other just and equitable relief as the Court deems fit.

## COUNT II

### Sex Discrimination - Title VII

27. The Plaintiff repeats and reasserts the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. The Plaintiff was subjected to an absentee call-in procedure that similarly situated male employees were not subjected to.

29. The Defendant attempted to require the Plaintiff to retrain and re-apply for a position as an auxiliary operator after returning from medical leave for a knee injury, when similarly situated male employees were not required to retrain or re-apply.

30. The Plaintiff was subjected to pre-disciplinary and disciplinary hearings for conduct for which similarly situated male employees have not been disciplined.

31. The Plaintiff was treated in a discriminatory fashion on the basis of her gender.

32. The Defendant's conduct has been wilful, wanton, malicious, and with a reckless disregard of the Plaintiff's rights under the law.

33. As a direct and proximate result of the discrimination, Plaintiff suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress.

WHEREFORE, the Plaintiff, KELLY KATHRENS, prays that judgment be entered against the Defendants as follows:

(A) The Defendants, upon a trial by jury, be adjudicated to have violated Title VII of the 1964 Civil Rights Act, as amended,

(B) Direct Defendants to expunge all derogatory information from Plaintiff's

personnel file which resulted from the discriminatory and retaliatory acts of the Defendants;

(C) Award damages for all lost wages and benefits;

(D) Award damages for mental pain and suffering, emotional pain, humiliation, inconvenience, aggravation of pre-existing conditions, and other non-pecuniary losses occurring in the past and reasonably certain to occur in the future;

(E) Award damages for the cost of medical treatment required as a result of the discrimination;

(F) Punitive damages;

(G) Award reasonable attorney's fees and costs;

(H) Prejudgment interest on all amounts claimed; and

(I) Award other just and equitable relief as the Court deems fit.

## COUNT III

### Retaliation - Title VII

34. The Plaintiff repeats and reasserts the allegations of paragraphs 1 through 33 as if fully set forth herein.

35. The Defendants at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraph 20.

36. During her employment with the University of Illinois, the Plaintiff, reported, opposed, resisted and complained on each instance about the sex discrimination, sexual harassment, and hostile work environment to which she was subjected to. She complained to Michael Larson, Robert Roman, and Chad Martinez.

37. The Plaintiff also filed her complaints with the University of Illinois Police Department and the EEOC.

38. After each complaint filed with any University official and with the EEOC, rather than taking corrective action, the University of Illinois retaliated against the Plaintiff who was subjected to retaliation that included, but was not limited to the following:

   a. Plaintiff received pre-disciplinary letters;

   b. Plaintiff was accused of false disciplinary charges;

   c. Plaintiff had to attend pre-disciplinary meetings;

   d. Plaintiff had to attend disciplinary meetings;

   e. Plaintiff received at least two disciplinary letters;

   f. Pre-disciplinary and disciplinary meetings were held in the Plaintiffs absence;

   g. Plaintiff was not provided with some of the pre-disciplinary and disciplinary letters;

   h. Plaintiff was denied the opportunity to question those who had accused her of misconduct;

   i. Failed to give the Plaintiff proper notice of charges and her rights under their employment code;

   j. Plaintiff was not permitted to file grievances, and grievances that were filed were not heard;

   k. Plaintiff's employment was put in jeopardy due to the disciplinary letters that have been put in her file;

   l.  Plaintiff was singled out for retraining and reinterviewing;

   m.  Plaintiff was directed to follow call-in standards for absences that applied to only her;

   n.  Plaintiff was forced to use a locker room that male employees could also use;

   o.  Plaintiff was forced to work with an employee who had sexually assaulted her;

   p.  Informed the Plaintiff that they would not take corrective action or investigate the Plaintiff's allegations due to her filing an EEOC complaint.

  39.  The Defendants failed to take any reasonable steps to prevent sexual harassment and sexual discrimination from occurring, and to protect Plaintiff from sexual harassment and sexual discrimination.

  40.  The Defendant's conduct has been wilful, wanton, malicious, and with a reckless disregard of the Plaintiff's rights under the law.

  41.  As a direct and proximate result of the retaliation, Plaintiff suffered severe psychological harm, pain and suffering, loss of enjoyment of life, and was subjected to extreme humiliation and stress.

  WHEREFORE, the Plaintiff, KELLY KATHRENS, prays that judgment be entered against the Defendants as follows:

  (A)  The Defendants, upon a trial by jury, be adjudicated to have violated Title VII of the 1964 Civil Rights Act, as amended,

  (B)  Direct Defendants to expunge all derogatory information from Plaintiff's

personnel file which resulted from the discriminatory and retaliatory acts of the Defendants;

(C)  Award damages for all lost wages and benefits;

(D)  Award damages for mental pain and suffering, emotional pain, humiliation, inconvenience, aggravation of pre-existing conditions, and other non-pecuniary losses occurring in the past and reasonably certain to occur in the future;

(E)  Award damages for the cost of medical treatment required as a result of the discrimination;

(F)  Punitive damages;

(G)  Award reasonable attorney's fees and costs;

(H)  Prejudgment interest on all amounts claimed; and

(I)  Award other just and equitable relief as the Court deems fit.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,
KELLY KATHRENS, Plaintiff

BY: s/ Philip W. Peak
Philip W. Peak
Bar No.: 6278212
Attorney for Plaintiff
Frederick & Hagle
129 West Main Street
Urbana, IL 61801
Tel: (217) 367-6092
Fax: (217) 367-9025
E-mail: ppeak@frederickandhagle.com